UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HECTOR MOLINA-AVILES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-953 (RMC) |
| DISTRICT OF COLUMBIA and KELVIN KING, | ) ) ) ) ) | (consolidated with 10-954, 10-955, 10-956, 10-957, 10-958, 10-959, 10-960, 10-1088, 10-1096, 10-1097, 10-1102, 10-1181, 10-1183, 10-1185, 10-1188, 10-1204, 10-1205, 10-1207, and 10-1214) |
| Defendants. | ) ) | |

MEMORANDUM OPINION

Defendants District of Columbia and Officer Kelvin King[1] move to dismiss the complaints brought against them by twenty Plaintiffs who have sued Defendants for various constitutional claims under 42 U.S.C. § 1983 arising out of what Plaintiffs allege are unlawful convictions for driving while intoxicated ("DWI").[2] Defendants argue that *Heck v. Humphrey* precludes these lawsuits because a civil suit brought under 42 U.S.C. § 1983, which challenges the validity of a criminal conviction or sentence, may only be brought if a plaintiff demonstrates that the conviction or sentence has been favorably terminated, *i.e.* "that the conviction or sentence has been

---

[1] Defendant King is a police officer with the Metropolitan Police Department, and was, at all relevant times, head of the Impaired Driver Support Unit of the MPD, where he was the principal officer responsible for calibrating breath test machines and testing them for accuracy. *See* Compl. [Dkt. # 1] ¶¶ 35–36.

[2] On August 27, 2010, the Court consolidated Civil Case Nos. 10-953, 10-954, 10-955, 10-956, 10-957, 10-958, 10-959, 10-960, 10-1088, 10-1096, 10-1097, 10-1102, 10-1181, 10-1183, 10-1185, 10-1188, 10-1204, 10-1205, 10-1207, and 10-1214. All of these cases allege the same counts by different individuals. *See* Order Consolidating Case [Dkt. # 18]. These cases shall remain consolidated for purposes of this Memorandum Opinion, as the Court determines that the law affects each individual case equally.

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 487 (1994). Plaintiffs concede that these civil suits call into question the validity of their convictions or sentences, but counter that *Spencer v. Kemna*, 523 U.S. 1 (2008), sets forth an exception to the "favorable-termination" requirement for those cases in which a plaintiff has no ability to attack his conviction via a habeas-type action.

The Court concludes that *Heck* remains binding precedent and the exception to "favorable-termination" voiced by the dicta of the concurring and dissenting judges in *Spencer* when habeas-type relief is unavailable is not binding on the Court. Furthermore, even if the Court were bound by the exception in *Spencer*, the District of Columbia has available habeas-type remedies to vacate Plaintiffs' DWI convictions, thereby making the *Spencer* exception inapplicable.[3] Accordingly, because sixteen of the twenty Plaintiffs do not have favorable terminations of their convictions, and because habeas-type remedies exist to do so, those sixteen Plaintiffs' cases will be dismissed without prejudice, and the remaining four Plaintiffs, whose DWI convictions have been favorably terminated, will remain part of this lawsuit.

## I. FACTS

On various dates, Plaintiffs were individually arrested under suspicion of DWI. A

---

[3] This is particularly evident by twelve of the twenty Plaintiffs' use of such procedures. In fact, four Plaintiffs have employed such procedures to successfully withdraw their DWI pleas, thus having a "favorable-termination." Plaintiff David Beemer, whose motion for a new trial is still pending, is barred from suit at this time because there has been no "favorable-termination" of his conviction. The seven Plaintiffs who have only recently (May 17, 2011) moved to withdraw their pleas and dismiss their DWI charges, are similarly barred from suit because there has been no "favorable-termination" of their convictions. When, and if, a "favorable-termination" occurs, those Plaintiffs may then bring suit.

conviction for DWI requires that the prosecutor prove that a defendant's blood alcohol level reached .08 grams per 210 liters of breath or above. D.C. Code § 50-2201.05 (b)(1)(A)(i)(I). Proof of this element is supplied by a defendant's measured blood alcohol level tested on an Intoxilyzer 5000EN machine. On February 26, 2010, the District of Columbia announced that there was a potential problem with the accuracy of its Intoxilyzer machines. Compl. ¶ 134. Due to erroneous calibrations, the machines were generating readings that were allegedly thirty-percent higher than the actual blood alcohol level. *Id*. ¶ 92. As a result, the DWI charges and convictions that relied upon such blood alcohol levels are suspect.

Plaintiffs all allege the same five counts under 42 U.S.C. §1983: (1) a violation of substantive due process, per the Fifth Amendment of the Constitution, based upon a right "to be free from criminal conviction based upon inaccurate and unreliable evidence manufactured by the District," *id*. ¶ 148; (2) a violation of substantive due process, per the Fifth Amendment of the Constitution, based upon a right "to be free from criminal conviction based on inaccurate and unreliable evidence manufactured by District employees who were improperly overseen, trained, and controlled in the manner in which they carry out their functions," *id*. ¶ 168; (3) a violation of substantive due process, per the Fifth Amendment of the Constitution, based upon a right "to be free from criminal conviction due to the District wrongfully withholding exculpatory material from the accused," *id*. ¶ 190; (4) a violation of the Eighth Amendment of the Constitution, based upon a right "to be free from cruel and unusual punishment," *id*. ¶ 205; and (5) a violation of substantive due process, per the Fifth Amendment of the Constitution, based upon a right "to be free from criminal conviction based upon inaccurate evidence manufactured by the District," directed at Defendant

King in his individual capacity, *id*. ¶ 220.[4] All of these alleged violations aim to undermine each Plaintiff's conviction for DWI.

Due to the dynamic procedural posture of the underlying cases and the attempts to withdraw some guilty pleas in some cases and request new trials on others, the Court ordered Plaintiffs to update the Court on the underlying criminal cases and how any changes to those cases affect this civil case. *See* Minute Entry Order 12/15/10. Plaintiffs responded on January 6, 2011. *See* Pls.' Consolidated Mem. of Changed Statuses ("First Changed Status") [Dkt. # 25]. On February 24, 2011, the Court stayed the case, denied Defendants' Motions to Dismiss [Dkt. ## 11, 16], without prejudice, and again ordered a status report as to the status of Plaintiffs' criminal cases by May 25, 2011. *See* Minute Entry Order 2/24/11. Plaintiffs filed such a report, and the following status exists.

Eighteen of the twenty Plaintiffs originally pled guilty to the DWI charge. *See* D.C. Reply [Dkt. # 21] at 8. The remaining two Plaintiffs, Messrs. Beemer and Nunez, contested the DWI charge and were found guilty after trial. *Id*. at 8–9. As of June 6, 2010, the date of the Complaint, Messrs. Beemer and Nunez had not moved for new trials. On August 20, 2010, upon motion *by the District of Columbia*, Plaintiff Nunez's conviction for DWI was vacated. *Id*. at 9 n.8. His convictions for Driving Under the Influence ("DUI") and Operating While Intoxicated ("OWI"), however, remain valid. *See* D.C. Response to Pls.' Consolidated Mem. of Changed Statuses ("D.C. Response") [Dkt. # 29] at 2. On November 3, 2010, Mr. Beemer moved for a new trial; that motion is currently pending. *See* First Changed Status, Ex. I; *see also* Pls.' Second Consolidated Mem. of

---

[4] The Court cites to the Complaint in Civ. No. 10-953, but all Plaintiffs bring the same five counts.

Changed Statuses ("Second Changed Status") [Dkt. # 31], Ex. H.

Only ten of the eighteen Plaintiffs who had pled guilty attempted to withdraw their pleas of guilty, and these motions were only filed after D.C.'s Reply of October 8, 2010, wherein D.C. noted that habeas-type procedures were available to these Plaintiffs. *See* D.C. Reply at 5–10. Mr. Fenwick's guilty plea to DWI has since been withdrawn and his case has been dismissed in full. *See* Second Changed Status at 4–5. Messrs. Manneh and Turner's guilty pleas to DWI have also been withdrawn, but they are awaiting trials related to the remaining DUI and OWI charges. *Id*. at 5–6. Messrs. Eckwood, Craig, Williams, Gordy, Bacon, Elissetche, and Clements have only recently, on May 17, 2011, attempted to withdraw their guilty pleas. The following eight Plaintiffs have not attempted to withdraw their pleas: Hector Molina-Aviles, Steven Broderick, Jacinta Council, Christina Mejia, William Calhoun, Thomas McCarthy, Kenneth Reyna, and Nicholas Sanchez.

## II. LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough

5

to raise a right to relief above the speculative level." *Id*. Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

6

III. ANALYSIS

*Heck v. Humphrey* held that a civil suit brought under 42 U.S.C. § 1983 that challenges the validity of a criminal conviction or sentence may only be brought if the plaintiff demonstrates "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 487. In such a case, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

Plaintiffs do not deny that their success in these lawsuits would imply the invalidity of the DWI convictions, but they argue that *Heck* has subsequently been limited by *Spencer*. In a concurring opinion in *Spencer*, Justice Souter, joined by three concurring Justices and a dissenting Justice Stevens, reaffirmed his own *Heck* concurrence that *Heck*'s favorable-termination principle does not apply when no habeas-type relief is available, *e.g.* such as when a defendant is no longer incarcerated. Justice Souter's analysis conflicted with the majority in *Heck*, which stated that the favorable-termination principle would "not [be] rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Heck*, 512 U.S. at 498 n.10; *see also Aleotti v. Baars*, 896 F. Supp. 1, 8 (D.D.C. 1995) (finding *Heck* precludes a § 1983 lawsuit even when a plaintiff is not incarcerated). The Supreme Court retains the sole prerogative to overrule its own decisions. *See, e.g., Tenet v. Doe*, 544 U.S. 1, 10–11 (2005) (citing *Rodriguez de Quijas v. Shearson/American*

*Express, Inc.*, 490 U.S. 477, 484 (1989)). It has not done so on this point of law.[5] The Court concludes that the fractured group of five concurring and dissenting Justices in *Spencer* cannot be found to have overruled the majority decision in *Heck*.[6] Whether the current Supreme Court–absent three of the retired *Spencer* Justices on whom Plaintiffs rely–agrees remains to be seen. This Court concludes that it is bound by the majority in *Heck* unless and until the Supreme Court speaks clearly. Accordingly, the Court concludes that *Heck* precludes any § 1983 suit challenging a criminal conviction that has not already been favorably terminated, regardless of the availability of habeas-type relief.

Even it the exception to favorable-termination was binding in the absence of habeas-type procedures, it would not save any complaints here because the District of Columbia has habeas-type relief available for all of Plaintiffs–the very condition to which *Spencer* attempted to carve out an exception to *Heck*. Plaintiffs (1) could have brought a habeas claim while on probation, *see* D.C.

---

[5] There is definitely a Circuit split on this point. The First, Fifth, and Eighth Circuits have determined that the *Spencer* exception is mere dicta, and without an actual Supreme Court decision overruling *Heck*, those Circuits continue to follow *Heck*, whereas the Second, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits have accepted the *Spencer* exception. *Compare Figueroa v. Rivera,* 147 F.3d 77, 80 (1st Cir. 1998), *and Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *and Entzi v. Redmann,* 485 F.3d 998, 1003 (8th Cir. 2007), *with Huang v. Johnson,* 251 F.3d 65, 75 (2d Cir. 2001), *and Wilson v. Johnson*, 535 F.3d 262, 267–68 (4th Cir. 2008), *and Powers v. Hamilton County Public Defender Comm'n,* 501 F.3d 592, 603 (6th Cir. 2007), *and Carr v. O'Leary,* 167 F.3d 1124, 1127 (7th Cir. 1999), *and Nonette v. Small,* 316 F.3d 872, 874 (9th Cir. 2002), *and Harden v. Pataki,* 320 F.3d 1289, 1298 (11th Cir. 2003). The D.C. Circuit has not ruled on this particular issue.

[6] *See Malden v. City of Waukegan*, 2009 U.S. Dist. LEXIS 82481 (N.D. Ill. Sept. 10. 2009) (noting, in dismissing claim that *Spencer* renounced the favorable termination requirement for those individuals who have no habeas-type relief available, that (1) courts are not allowed to speculate about the continued vitality of precedent; (2) that the concurrence in *Spencer* was dicta; and (3) that the composition of the Court has so drastically changed that it is not clear what the Supreme Court might do, should they someday squarely address the exception proposed in *Spencer*).

Code § 23-110 (2011) (the District of Columbia's habeas statute); (2) could have filed a motion pursuant to D.C. Criminal Rule 32(e), after sentence, to "set aside the judgment of conviction and permit the defendant to withdraw the plea," if the Plaintiff had pled guilty; or (3) could have filed a motion under Superior Court Rule 33 to "grant a new trial to the defendant if the interests of justice so require" if the Plaintiff was convicted after trial. In fact, now that Plaintiffs have become aware of these habeas-type reliefs, they have applied for relief, thereby undermining their *Spencer* argument.

First, § 23-110 affords each of the Plaintiffs the ability to vacate their convictions while "in custody." Individuals on probation are "in custody" both for purposes of § 23-110 and the federal habeas statute. *See Snell v. United States*, 754 A.2d 289, 291–92 (D.C. 2000) (finding that "in custody" under § 23-110 includes probationers, as in federal habeas proceedings); *see also Jones v. Cunningham*, 371 U.S. 236, 243 (1962). Each of the Plaintiffs was sentenced to a term of probation, thereby giving each an ability to attack his conviction.[7] *See* D.C.'s Reply at 7. None of the Plaintiffs had availed themselves of § 23-110 as of the beginning of this lawsuit.

Second, D.C. Criminal Rule 32(e) affords those Plaintiffs who entered guilty pleas an opportunity to withdraw those pleas. Eighteen of the twenty Plaintiffs pled guilty to the DWI charge. *See* D.C.'s Reply at 8. When this civil lawsuit was filed, none of the eighteen Plaintiffs who pled guilty had availed themselves of this potential habeas-type relief. In fact, only after Defendants attacked Plaintiffs' *Spencer* argument as inapplicable, due to the availability of D.C. habeas-type procedures, did some Plaintiffs avail themselves of D.C. Criminal Rule 32(e).

---

[7] According to Defendants, eight plaintiffs were still on active probation as of October 8, 2010, the date of D.C.'s Reply in support of its Motion to Dismiss. *See* D.C.'s Reply at 7.

Third, Superior Court Rule 33 affords Plaintiffs who have been convicted after trial to move for a new trial when the interests of justice require. Messrs. Beemer and Nunez contested their DWI charges at trial and were convicted. *See* D.C.'s Reply at 8. Again, when they instituted suit, neither Mr. Beemer nor Mr. Nunez had availed himself of this potential habeas-type relief. Only after Defendants attacked Plaintiffs' *Spencer* argument did Mr. Beemer move for a new trial pursuant to Superior Court Rule 33, and it was D.C. that moved for Mr. Nunez's new trial after the Complaint was filed.

Because habeas-type remedies were available to all twenty Plaintiffs, the *Spencer* exception is simply not applicable, regardless of whether it is binding. It also bears repeating that twelve of the Plaintiffs have now used these habeas-type procedures, thereby undermining Plaintiffs' argument that *Spencer* applies because there are no habeas-type procedures available.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss [Dkt. ## 11, 16] will be **GRANTED IN PART AND DENIED IN PART**.[8] Defendants' Motions to Dismiss will be **GRANTED** as to civil case numbers 10-953 (Hector Molina-Aviles), 10-954 (David Lee Beemer), 10-955 (Steven Broderick), 10-956 (Jacinta Council), 10-957 (Martin Elissetche), 10-959 (Sheldon Gordy), 10-960 (Christina Mejia), 10-1088 (William Calhoun), 10-1102 (Thomas McCarthy), 10-1181 (Kenneth Reyna), 10-1183 (Dwaine Bacon), 10-1185 (Brian Craig), 10-1188 (C. Aaron Clement), 10-1204 (Tommy Eckwood), 10-1205 (Nicholas Sanchez), and 10-1207 (Donnell

---

[8] Because the issue is ready for resolution, the Court-ordered stay will be lifted, and Defendants' Motions to Dismiss [Dkt. ## 11, 16] will be renewed.

Williams). and those cases will be **DISMISSED** without prejudice; Defendants' Motion to Dismiss will be **DENIED**, without prejudice, as to civil case numbers 10-958 (John Fenwick), 10-1097 (Lamarr Turner), 10-1214 (Hamid Manneh), and 10-1096 (Jose Nunez).[9] A memorializing Order accompanies this Memorandum Opinion.

Date: June 23, 2011                                      /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge

---

[9] The Court recognizes that Defendant King has separate arguments within his motion to dismiss. *See* King's Mot. to Dismiss [Dkt. #16]. These arguments, as applied to the remaining four Plaintiffs, will be addressed in a separate opinion in the future.